### E. L. Barber, Claimant and Interpleader, Fred Griesheimer, Garnishee, v. Ætna Fuel Co., for the use of National Chemical Works.

1. CONSIDERATION—*Diligence of a Creditor Not Evidence of the Want of.*—The fact that a creditor of a person in financial difficulty is diligent in securing the payment of the amount due him, is not evidence that an order to secure such claim, given him by his debtor upon a third person, is without a valuable consideration to support it.

**Garnishment Proceedings, etc.**—Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard

Barber v. Ætna Fuel Co.

in the Branch Appellate Court at the March term, 1900. Reversed and remanded with directions. Opinion filed December 18, 1900.

John M. Curran and B. M. Shaffner, attorneys for appellant; E. S. Hartman, of counsel.

Alden, Latham & Young, attorneys for appellee.

Mr. Justice Horton delivered the opinion of the court.

In this matter there were two appeals to this court, one by Fred Griesheimer and one by E. L. Barber. The Griesheimer appeal was consolidated with this.

This suit was originally commenced before a justice of the peace against said Griesheimer as garnishee in the name of the Ætna Fuel Company, for the use of the National Chemical Works, a judgment creditor of the Ætna Company. The appellant appeared before the justice of the peace and claimed the fund in the hands of the garnishee and was there successful, and a judgment was entered discharging the garnishee. The usee appealed from that judgment to the Circuit Court. Upon the trial in that court the jury rendered a verdict in favor of appellee for $184, and judgment was entered against said Griesheimer thereon. It is from that judgment that the two appeals were taken to this court.

Said garnishee was indebted to the Ætna Company in the sum of $563. Prior to the commencement of this suit before the justice of the peace, that company assigned its claim against said garnishee to the claimant, E. L. Barber, who presented it to the garnishee, by whom it was accepted, and who paid to Barber $100 in part payment of such claim. It is contended by the usee that said assignment was without consideration, and fraudulent and void as against it.

The court below submitted two special interrogatories to the jury, which they returned with answers as follows:

1. Do the jury find from the evidence that the order offered in evidence was accepted by Griesheimer and $100

paid thereon by him prior to the service of garnishee process on Griesheimer? Answer. Yes.

2. Was the order offered in evidence given to the interpleader, E. L. Barber, by the Ætna Fuel Company, for good and valuable consideration? A. No.

Upon the testimony in this record it can not be questioned but that said assignment or order was executed and delivered and accepted before this suit was commenced. The only question to be considered is whether there was a good and valuable consideration for the giving of that order. If there was, the judgment of the trial court must be reversed.

The claimant is an attorney. He had an account against the Ætna Company for professional services. At the suggestion of counsel for appellee in their brief the writer has read his testimony in full in the transcript of the record. It there appears that the appellant, Barber, and the officers of the Ætna Company had an accounting together and settled and agreed as to the amount due from that company to said Barber, and that the order in question was then given to said Barber and by him taken to said Griesheimer, who accepted it, all prior to the commencement of this suit. We see no testimony in conflict with this. There is no doubt but that the Ætna Company was indebted to said Barber and there is no testimony fairly tending to impeach the account stated and to pay which the order was given.

In the brief of counsel for appellee it is said that it is "strange that Mr. Barber should have gotten in such a hurry all at once for the money due him," etc. Not so. It appears that the Ætna Company was in financial difficulty, that an attachment against it had been that day dissolved, and it is not at all strange that Mr. Barber should have sought to secure the payment of the amount due him. He had a legal right to do so.

There is absolutely no ground in the testimony to support the special finding of the jury that said order was not given for good and valuable consideration or to support the general verdict.

The judgment of the Circuit Court is reversed and the cause remanded with directions to dismiss said garnishee proceeding at the cost of appellee.

Reversed and remanded with directions.